WESTERN DIST.
Oct. 1838.

SEXTON ET AL.
vs.
BROOKS'S HEIRS.

widow be allowed the aforesaid sum of two thousand seven hundred and fifty dollars, with interest, at five per cent. on one half, from the 1st of March, 1837 ; and on the other half from the 1st of March, 1838, until paid ; that the claim for said collation be dismissed and rejected ; and it is further adjudged and decreed, that in all other particulars, the judgment below be affirmed, and that the case be remanded for further proceedings according to law, the costs of appeal to be paid out of the estate.

## SEXTON ET AL. vs. BROOKS'S HEIRS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF CONCORDIA.

The acceptance of service of citation has the same effect, as if it had been served by the sheriff, and no more.

The acceptance of service of a defective or insufficient citation by the party or his attorneys, does not waive or cure any irregularities in the citation itself.

This is an action instituted in the Court of Probates, by a portion of the heirs of Aaron Brooks, deceased, against another portion of the said heirs for a settlement and partition, and to recover the portion of his succession that may be due to them.

The defendants pleaded a general denial, and aver that all the property claimed is owned exclusively by them; and that they have owned and possessed it for many years, by a just and legal title, and that said plaintiff's have no legal right or title whatever.

They further plead that the Court of Probates has no jurisdiction of the case, and possesses no power to judge of the rights between the parties, wherefore they pray that the suit be dismissed.

Upon this issue the judge of probates sustained the plea to his jurisdiction, and rendered judgment dismissing the suit.

The plaintiffs appealed.

The citation of appeal was issued and signed by William L. Poindexter, as clerk of the Probate Court. It appears there is no law authorizing the probate judge of this parish to appoint a clerk of his court.

On the back of the citation, the attorneys for the appellees endorsed, "We hereby accept service of the written *citation*, and petition of appeal annexed."—" *Vidalia*, 25th *August*, 1837."

*Dunbar and Dunlap* for the appellees, moved to dismiss the appeal, on the ground of the insufficiency of the citation.

*Martin, J.*, delivered the opinion of the court.

In this case the citation of appeal is subscribed by a person who styles himself " clerk of the Court of Probates, for the parish of Concordia." The attorneys of the appellees endorsed on the back of this citation, " We hereby accept service of the written citation, and petition of appeal annexed. 25th August, 1837."

The dismissal of the appeal is asked on the ground that the citation is not signed by the judge of probates, there being no clerk provided by law, for the Court of Probates for that parish, and the person who signed the citation not being the judge.

The motion is resisted on a suggestion that the irregularity is cured by the acceptance of the service. It is clear that the citation is irregular, but it is not so clear that the acceptance of the service cures it. Nothing shows that the attorneys were authorized to accept service, or waive the irregularity. We have, however, considered the case in the way most favorable to the appellants, *i. e.*, as if the appellees themselves had made the acceptance of service. The condition of the appellants would then be no better than if the sheriff had returned, that he had duly served the citation and petition of appeal on the appellees.

*The acceptance of service of citation has the same effect as if it had been served by the sheriff and no more.*

WESTERN DIST.
Oct. 1838.

The accept-
ance of service
of a defective or
insufficient cita-
tion by the party
or his attorneys,
does not waive
or cure any irre-
gularities in the
citation itself.

The latter then would certainly have the right to object, that the citation wanted the seal of the court, that they were not therein cited to appear on the return day fixed by the judge, or that it was not signed by the person who alone was authorized to sign it. The acceptance dispenses with the service of the citation, but does not cure its irregularity.

The appeal is therefore dismissed, with costs.